PER CURIAM.
This appeal concerns plaintiffs’ entitlement to a retroactive farmland assessment under N.J.S.A. 54:4-23.13c. Plaintiffs Francis and Judith Batcha own 143 acres in Hopewell Township. In addition to two residences (one occupied by the Batchas the other by workers), the property contains three bairns with 70 stalls, *69 fenced-in pastures, and a horse-training track one-half mile in length.
Plaintiffs filed a request for a farmland assessment for the tax year 1994; that request was denied. Plaintiffs asserted that the request was denied because their property was used for boarding and training horses rather than breeding them. Plaintiffs did not appeal from that denial. When the statute was amended to permit property used for boarding and training purposes to be assessed as farmland, plaintiffs sought a retroactive assessment.
Plaintiff Francis Batcha and Hopewell Township assessor Antoinette Sost testified at trial. The trial court issued a comprehensive written opinion. The trial court found that the assessor denied plaintiffs a farmland assessment for the tax year 1994 because plaintiffs failed to provide proof of gross receipts in compliance with N.J.S.A. 54:4-23.5 rather than because they engaged in the boarding and training of horses. That finding is fully supported by the record and is binding on appeal, Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 484, 323 A.2d 495 (1974).
In order to qualify for a retroactive farmland assessment under N.J.S.A. 54:4-23.13c, plaintiffs were required to establish, inter alia, that their earlier request was denied on the ground that their use of the property did not qualify as an agricultural use. Plaintiffs, having failed to establish that necessary element, were not entitled to retroactive relief.
The judgment dismissing plaintiffs’ complaint is affirmed.